**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5026**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

MARIO SUNDRAY DOUGLAS, a/k/a Bird,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:08-cr-00310-WO-1)

Submitted: September 6, 2011     Decided: September 19, 2011

Before MOTZ, AGEE, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mario Sundray Douglas appeals his 117-month sentence for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006). For the reasons set forth below, we vacate Douglas' sentence and remand for resentencing.

On appeal, Douglas argues that his prior state conviction for possession with intent to sell and deliver cocaine was not punishable under North Carolina law by a term of imprisonment exceeding one year and therefore he was improperly designated as a career offender. Because Douglas did not challenge his career offender designation before the district court, we review his claim for plain error. United States v. Hargrove, 625 F.3d 170, 184 (4th Cir. 2010), petition for cert. filed (Mar. 8, 2011).

Douglas was sentenced consistent with our decision in United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005), which held that, in determining whether a conviction is for a crime punishable by a prison term exceeding one year, a district court must consider the maximum aggravated sentence that would be imposed for that crime upon a defendant with the worst possible criminal history. Id. Although Douglas was sentenced to only eight to ten months of imprisonment for the state drug offense, he was found guilty of a Class H felony under North Carolina

2

law, which carried a maximum penalty of more than one year of imprisonment. See N.C. Gen. Stat. §§ 90-95(a); 15A-1340.17(c), (d) (LexisNexis 2009).

Thus, because under North Carolina law the maximum aggravated sentence that could be imposed for felony possession with intent to sell and deliver cocaine upon a defendant with the worst possible history exceeded one year, under Harp, Douglas qualified as a career offender as defined in U.S. Sentencing Guidelines Manual §§ 4B1.1(a), 4B1.2(b) (2008).[1] We recently overruled Harp, however, with our en banc decision in United States v. Simmons, No. 08-4475, 2011 WL 3607266, at *3 (4th Cir. Aug. 17, 2011), holding that a North Carolina offense may not be classified as a felony based upon the maximum aggravated sentence that could be imposed upon a repeat offender if the individual defendant was not eligible for such a sentence. Id. at *8.

Based on our review of the record, we find that an offender possessing the same prior criminal record as Douglas at the time of his offense could not have received a sentence exceeding one year under North Carolina's structured sentencing

---

[1] Douglas concedes that his prior state conviction for felony discharge of a weapon into occupied property was properly considered a predicate conviction for career offender purposes pursuant to USSG § 4B1.1(a).

scheme.  See N.C. Gen. Stat. § 15A-1340-17(c), (d).  We therefore conclude the district court erred in sentencing Douglas as a career offender and that the error was plain.[2] Moreover, in light of the downward departure that was granted by the district court at sentencing, it appears that Douglas may well have received a lower sentence if he had not been erroneously designated as a career offender,[3] and we therefore conclude that the plain error affected Douglas' substantial rights and that "there exists a nonspeculative basis to infer prejudice that 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'"  United States v. Slade, 631 F.3d 185, 192 (4th Cir.) (citing United States v. Olano, 507 U.S. 725, 736 (1993)), cert. denied, 131 S. Ct. 2943 (2011).

Accordingly, we vacate Douglas' sentence, including the term of supervised release,[4] and remand for resentencing in accordance with Simmons.  We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[2] The district court, of course, did not have the benefit of Simmons at the time of Douglas' sentencing.

[3] We express no opinion on the ultimate sentence Douglas may receive on remand.

[4] Because we vacate the sentence in its entirety, we find it unnecessary to consider Douglas' argument that his eight-year term of supervised release was unreasonable.

4

materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED